## ·MERCADO *v*. SMITH.

### APPEAL from the District Court of San Juan.

No. 71.—Decided May 25, 1904.

DOMINION TITLE.—Property owners possessing a public deed showing the owner-
ship of a property cannot avail themselves of the proceedings provided by
article 395 of the Mortgage Law, which are applicable only to those who have
no written title of ownership.

### STATEMENT OF THE CASE.

This is a case prosecuted in the District Court of San
Juan on behalf of Martin García representing his wife Ri-
carda Mercado Caballero to secure dominion title to a lot
situated in the *barrio* of Santurce, and the place called "Mi-
nillas" and opposed by Herbert E. Smith. The case is now
pending before us on appeal taken by counsel for the peti-
tioner from the judgment rendered by the said district court,
which reads as follows:

"Judgment.—In the city of ·San Juan, Porto Rico, on June 4,
1903, an oral and public hearing was had in this declaratory action in
opposition to an application for a dominion title prosecuted by Her-
bert E. Smith, a property owner, lawyer, and a resident of this city,
as plaintiff, represented first by Attorney Rafael López Landrón,
and afterwards by himself, against Ricarda Mercado, married, as de-
fendant, first represented in this case by Attorney Wenceslao Bosch
and afterwards by Emigdio S. Ginorio, no further particulars re-
garding the parties appearing.

" In the month of November, 1900, Ricarda Mercado filed an ap-
plication for the declaration of a dominion title to the following
property: A parcel of land situated in the *barrio* of Santurce of
this city, in the place known as 'Minillas,' measuring 14 meters wide,
fronting on the east on Calle Trece, and 12 meters deep on the west,
adjoining the land of Raimundo Tanco; 32 meters and 20 centimeters
on the north, adjoining the land of Manuel M. Ginorio; and 29 me-
ters on the south, adjoining the land of the said Raimundo Tanco;

which land she purchased for one hundred and fifty *pesos,* according to a deed executed in this city on August 6, 1900, before Mauricio Guerra, a notary of this city.

"Upon the publication of the proper edicts in the 'Gaceta de Puerto Rico,' under date of November 23, 1900, summoning those who might deem their interests prejudiced by the granting of the dominion title prayed for, Attorney Rafael López Landrón appeared in behalf of Herbert E. Smith and filed a complaint based upon the following facts: That by public deeds executed October 5, 1870, before Notary Juan Basilio Núñez, and of April 29, 1871, executed before Notary Pedro Rafael Escalona, both recorded in the registry of property of this city, Hipólito Ferrer, a property owner of Santurce, sold to Lino Aquino Calderón, known as Juan Lino Aquino Calderón, a rural estate consisting of twenty and one-half *cuerdas* situated in the *barrio* of Cangrejos and the place called 'Condado,' there being no charge or incumbrance whatever upon the said property; that the said Aquino Calderón sought and obtained judicial possession of the property, which act of delivery took place on April 28, 1888, a plot thereof being made at the time; that the property in question was acquired by the purchase of the same by Herbert E. Smith in a deed executed before Notary Palmer and recorded in the registry of property, and upon going to take possession of what rightfully belonged to him he found that Ricarda Mercado had entered upon the property under the pretext that she owned a strip of land situated therein, and that the said Ricarda Mercado, far from being the owner of the land to which she seeks a dominion title, is merely a deforciant, for the reason that Smith indisputably had a better right thereto, and praying that after the proper legal steps have been taken judgment be rendered denying the application for dominion title filed by Ricarda Mercado, with costs against the latter.

"Notice of the opposition having been served upon the petitioner, Ricarda Mercado, through her counsel, Mr. Bosch, answered the same contesting the complaint filed by Smith, and praying that the same be dismissed by a proper judgment declaring the ownership of the property in question to have been proved, and that the costs be taxed against Smith.

"The parties having been cited to appear for the purpose of proposing the evidence they desired to introduce, counsel for Mrs. Mercado only appeared and proposed documentary evidence and expert testimony, which evidence, with one exception, was declared pertinent by the court in an order dated April 25, of the current year

and ordered to be heard, and that the other party be cited to appear.

"At the oral trial, after the presentation of the evidence, Attorney Hernández López, counsel for the plaintiff, made an oral argument in support of the points which he deemed pertinent to the rights of his client, the judgment being voted upon today in public session, the same being unanimously rendered.

"In the conduct of these proceedings the rules of procedure have been followed. Associate Judge José Tous Soto prepared the opinión of the court.

" If it is true that every property owner without a written title of ownership, no matter at what time the property may have been acquired, can record such title by complying with the requirements prescribed by article 395 of the Mortgage Law, in order to do so, as is clearly stated in the said artícle, the applicant must be without any written title of ownership, which is not the case here, since in the initial writing filed in these proceedings it is stated that the applicant acquired the land in question by public deed executed on August 6, 1900, before notary Mauricio Guerra, of San Juan.

"Although article 437 of the Regulations for the Execution of the Mortgage Law compares a property owner who has no title with one who having a title cannot demand its immediate inscription on account of having to bring it from a place at a great distance from the one at which he must secure its inscription, or who, for any other cause, must delay its presentation, it is necessary to state this fact in the application, and as in the present case this requisite has not been complied with, such a circumstance cannot be taken into consideration by the court on the assumption that it exists.

In view of the articles cited, and others that are applicable of the Law of Civil Procedure, and General Order No. 118 of 1899, applicable to the present case, we adjudge that we should deny and do deny the application for dominion title made by Ricarda Mercado, with costs against the applicant. Thus by this our judgment, finally deciding, do we pronounce, order and sign. Juan Morera Martinez, Frank H. Richmond, José Tous Soto.—Luis Mendez Vaz."

From the foregoing judgment counsel for the applicant took an appeal, which was allowed both for a stay of proceedings and review, and the record having been sent up to this court, and the parties having been summoned and cited, the appellant appeared, and the proper procedure having been

followed, a day was set for the hearing, the *fiscal* of this court only being present at the hearing, and opposed the appeal.

*Mr. Emigdio S. Ginorio,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court.

We accept the findings of fact and conclusions of law contained in the judgment appealed from, with the exception of the second conclusion of law.

In view of article 395 of the Mortgage Law, and the articles of the Law of Civil Procedure and General Order No. 118 of 1899, applicable to the case, we adjudge that we should affirm and do affirm the judgment appealed from, with the costs against the appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.